IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JENNIFER ELLEN NUNEZ, and CHRISTY MARIE RICE, fka CHRISTY MARIE NUNEZ, individually, as heirs of the ESTATE OF ANTHONY NUNEZ, and as beneficiaries of THE NUNEZ FAMILY REVOCABLE INTER VIVOS TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL KEVIN NUNEZ, JR, individually and as TRUSTEE OF THE NUNEZ FAMILY REVOCABLE INTER VIVOS TRUST; RAYNIE NUNEZ and Does 1-10, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER <br><br><br> Case No. 1:13-CV-126 TS |

This matter is before the Court on Plaintiffs Jennifer Ellen Nunez and Christy Marie Rice's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction.[1] For the reasons discussed more fully below, the Court will deny Plaintiffs' Motion to the extent it seeks

---

[1] Docket No. 4.

1

ex parte relief. The Court will set this matter for a preliminary injunction hearing and order Plaintiffs to serve Defendants with a copy of their Complaint, this Motion, and notice of the hearing.

## I. BACKGROUND

Plaintiffs are two of three beneficiaries to the Nunez Family Revocable Inter Vivos Trust (the "Trust"). Defendant Michael Kevin Nunez, Jr. is the third beneficiary to the Trust and is also the Trustee of the Trust. Defendant became the Trustee of the Trust in May 2010. Plaintiffs allege that Defendants, more particularly Defendant Michael Kevin Nunez, Jr., have mismanaged and otherwise converted Trust assets for their own benefit.

Plaintiffs allege that the original Trust res included the following assets: an IRA account worth $61,626.00; a trust account valued at $391,533.00; a checking account containing $22,786.00; a four-unit apartment complex; a single family dwelling; a safe deposit box including, among other things, gold and silver coins; and a 1989 Honda Civic. According to Plaintiffs, Defendant Michael Kevin Nunez improperly transferred title to a number of these assets into his name soon after taking over as Trustee. Plaintiffs also allege that the Defendants jointly have improperly converted and depleted many of the Trust assets.

The terms of the Trust provide that the Trustee is to render an accounting to the beneficiaries at least yearly. Plaintiffs allege that Defendant Michael Kevin Nunez has not provided an accounting since he took over as Trustee. Plaintiffs also allege that Defendant Michael Kevin Nunez has failed to file federal and state tax returns on behalf of the Trust.

One of the principal assets of the Trust is a four-plex rental apartment (the "Four-plex") located in California. According to Plaintiffs, Defendants wrongfully diverted rental payments from the Four-plex for their own personal use. Plaintiffs also allege that Defendants failed to make mortgage payments or pay the taxes on the Four-plex and for this reason it is now in foreclosure proceedings. According to Plaintiffs, the last day that the Four-plex can be redeemed from the foreclosure process is October 25, 2013.

Plaintiffs filed an attorney affidavit in support of their request for ex parte relief. That affidavit provides the following reasons why ex parte relief is merited:

> Notice has not been given to the Defendants because there is a high likelihood that irreparable injury, loss, or damage will result to the Plaintiffs before the Defendants can be heard in opposition given that Defendants have access to all the bank accounts, real property, cash, and other trust assets and could take actions to dissipate or liquidate such assets if notice were given.[2]

The affidavit further states that:

> There is a high likelihood that if notice of these proceedings were to be given to Defendant Michael Nunez before a temporary restraining order is granted, that he would immediately take action to further hide, convert and/or diminish the value of trust assets for his personal gain and to the detriment of the beneficiaries.
>
> . . . .
>
> If Michael is given notice, he would likely take immediate action to move, hide, or otherwise dispose of [Trust] assets.[3]

---

[2]Docket No. 5, at 2.

[3]*Id*. at 3.

3

## II. STANDARD OF REVIEW

A temporary restraining order and a preliminary injunction share the same standard.[4]

To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[5]

Federal Rule of Civil Procedure 65(b)(1) provides that a court may enter temporary injunctive relief ex parte:

> *only if* (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[6]

## III. DISCUSSION

At the outset, the Court would note that Plaintiffs appear to state a strong case for injunctive relief. That being said, at this stage of the proceedings, Plaintiffs seek ex parte relief. Pursuant to Rule 65(b)(1), ex parte relief may only be granted where the movant clearly shows immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition.

In support of their Motion, Plaintiffs allege that Defendants "could take actions to dissipate or liquidate such assets" or "further hide, convert and/or diminish the value of trust

---

[4] *Bachman By & Through Bachman v. W. High Sch.*, 900 F.Supp. 248, 250 (D. Utah 1995) *aff'd* 132 F.3d 542 (10th Cir. 1997).

[5] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[6] Fed. R. Civ. P. 65(b)(1) (emphasis added).

assets for [their] personal gain and to the detriment of the beneficiaries."[7] Plaintiffs' allegations do not clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition. Rather, Plaintiffs speculate as to actions the Defendants may take in the event they receive notice of Plaintiffs' request for relief. Plaintiffs' speculative statements are insufficient to merit ex parte relief.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Ex Parte Motion for Temporary Restraining Order and Preliminary Inunction (Docket No. 4) is DENIED WITHOUT PREJUDICE. The Court will hear oral argument on Plaintiffs' request for injunctive relief on Monday, September 30, 2013, at 10:00 am. Plaintiffs are instructed to serve Defendants with a copy of the Complaint, their Motion, and notice of the hearing date and time within seven (7) days of this Order. Plaintiffs are further instructed to file proof of such service with the Court.

DATED   September 12, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7]Docket No. 5, at 2–3.