IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JENNIFER ELLEN NUNEZ, and CHRISTY MARIE RICE, fka CHRISTY MARIE NUNEZ,, <br><br> Plaintiffs, <br> v. <br><br> MICHAEL KEVIN NUNEZ, JR, individually and as TRUSTEE, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR LIMITED, EXPEDITED DISCOVERY WITHOUT PREJUDICE <br><br> Case No. 1:13-cv-126 TS <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Brooke Wells |

Before the Court is Plaintiffs' Emergency Motion for Limited, Expedited Discovery and to Preserve Evidence.[1] Plaintiffs filed their motion on September 12, 2013 and on the same day filed a Request to Submit representing that the motion was "ripe for decision."[2] The Court finds Plaintiffs' motion is premature and therefore DENIES it WITHOUT PREJUDICE.

As noted by Judge Stewart in his Memorandum Decision denying Plaintiffs' Ex Parte Motion for Temporary Restraining Order, "Plaintiffs appear to state a strong case for injunctive relief."[3] Defendants, however, have yet to make an appearance in this case and a summons was issued electronically to Defendants on September 12, 2013. As such, the deadline for Defendants to Answer the Complaint has yet to expire. Further, Defendants response to the instant motion would be due at best by September 30, 2013, presuming they had already entered an appearance in this case and had been served with a copy of the motion. While the Court is

---

[1] Docket no. 10.

[2] Request to Submit p. 1, docket no. 11.

[3] Memorandum Decision and Order Decision denying Plaintiffs' Ex Parte Motion for Temporary Restraining Order p. 4, docket no. 6.

sympathetic to Plaintiffs situation, and is willing to grant expedited discovery pursuant to Rule 26(d) when necessary,[4] Plaintiffs have failed to show good cause that discovery must immediately commence without Defendants being given at least an opportunity to answer the Complaint.[5]  Finally, this is not a situation where all the Defendants are unknown or their identities are difficult to find which sometimes necessitates expedited discovery.[6]

## ORDER

Accordingly, for the reasons set forth above the Court DENIES WITHOUT PREJUDICE Plaintiffs' Emergency Motion for Limited, Expedited Discovery and to Preserve Evidence. Plaintiffs may renew the motion after the Defendants have been served and entered an appearance on the record.

DATED this 19 September 2013.

Brooke C. Wells
United States Magistrate Judge

---

[4] *See* Fed. R. Civ. P. 26(d); *1524948 Alberta Ltd. v. John Doe 1-50*, 2010 WL 3743907 (D.Utah Nov. 23, 2011).

[5] *See e.g., Qwest Comm. Int'l. Inc. v. Wordquest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003) (noting where good cause exists so as to permit expedited discovery).

[6] *See e.g., 1524948 Alberta Ltd*, 2010 WL 3743907 *1 (permitting expedited discovery where the plaintiffs did not know the identities of the defendants); *Warner Bros. Record Inc. v. Does 1-14*, 555 F.Supp.2d 1 (D.D.C.2008) (permitting expedited discovery that sought to identify the unknown defendants).