IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JENNIFER ELLEN NUNEZ, and CHRISTY MARIE RICE, fka CHRISTY MARIE NUNEZ, individually, as heirs of the ESTATE OF ANTHONY NUNEZ, and as beneficiaries of THE NUNEZ FAMILY REVOCABLE INTER VIVOS TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL KEVIN NUNEZ, JR, individually and as TRUSTEE OF THE NUNEZ FAMILY REVOCABLE INTER VIVOS TRUST; RAYNIE NUNEZ and Does 1-10, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION <br><br><br> Case No. 1:13-CV-126 TS |

This matter is before the Court on Plaintiffs Jennifer Ellen Nunez and Christy Marie Rice's Motion for Preliminary Injunction.[1] For the reasons discussed more fully below, the Court will grant Plaintiffs' Motion.

---

[1] Docket No. 4.

1

I.  BACKGROUND

A.	PROCEDURAL HISTORY

On September 12, 2013, Plaintiffs filed an Ex Parte Motion for Temporary Restraining Order.  The Court denied Plaintiffs' request for ex parte relief and instructed Plaintiffs to serve Defendants with a copy of the Complaint, their Motion, and notice of a hearing date on Plaintiffs' request for injunctive relief.  Plaintiffs filed a notice of service with the Court on September 20, 2013.

On September 30, 2013, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction.  Defendants failed to enter an appearance or otherwise respond to Plaintiffs' allegations in advance of the hearing.  Defendants similarly failed to appear at the hearing.

B.	FACTUAL STATEMENT

In light of Defendants' failure to appear or respond, the following statement of the case is drawn exclusively from Plaintiffs' Complaint and the exhibits thereto.

Plaintiffs are two of three beneficiaries to the Nunez Family Revocable Inter Vivos Trust (the "Trust").  Defendant Michael Kevin Nunez, Jr. is the third beneficiary to the Trust and became the Trustee of the Trust in May 2010.  Plaintiffs allege that the Defendants, more particularly Defendant Michael Kevin Nunez, Jr., have mismanaged and otherwise converted Trust assets for their own benefit.

Plaintiffs allege that the original Trust res included the following assets: an IRA account worth $61,626.00; a trust account valued at $391,533.00; a checking account with $22,786.00; a four-unit apartment complex (the "Four-plex); a single family dwelling; a safe deposit box

including, among other things, gold and silver coins; and a 1989 Honda Civic. Plaintiffs allege that soon after taking over as Trustee, Defendant improperly transferred title to a number of these assets into his name. Plaintiffs also allege that the Defendants jointly have improperly converted and depleted many of the liquid assets for their own use.

The terms of the Trust provide that the Trustee is to provide an accounting to the beneficiaries at least yearly. Plaintiffs allege that Defendant has not provided an accounting since he took over as Trustee. Plaintiffs also allege that Defendant has failed to file federal and state tax returns on behalf of the Trust.

One of the principal assets of the Trust is the Four-plex, which is located in California. According to Plaintiffs, Defendants have wrongfully diverted rental payments from the Four-plex for their own personal use. Plaintiffs also allege that Defendants have failed to make mortgage payments or pay the taxes on the Four-plex and for these reasons it is now in foreclosure proceedings. According to Plaintiffs, the last day that the Four-plex can be redeemed from the foreclosure process is October 25, 2013.

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[2] In order for Plaintiffs to be entitled to a preliminary injunction, Plaintiffs must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the

---

[2] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[3]

The document that created the Trust at issue, the "Joint Living Trust Agreement," is attached as an exhibit to the Complaint.[4] That document provides that Plaintiffs are beneficiaries to the Trust entitled collectively to 66.6% of the Trust res and profits. Reading this document in light of Plaintiffs' allegations, it appears that Plaintiffs are likely to succeed on the merits of their claims. Further, Plaintiffs will suffer irreparable harm if injunctive relief is not granted in advance of October 25, 2013, as that is the last day the Four-plex can be redeemed from the foreclosure process. Plaintiffs also allege that other assets have been withdrawn from the Trust and continued mismanagement of the Trust property could result in further harm to the Plaintiffs.

The potential harm to the Plaintiffs' interest also outweighs any harm that Defendant Michael Kevin Nunez, Jr. may suffer by being removed as Trustee. Under the governing Trust document, Defendant will still be entitled to his 33.4% of the original Trust res and subsequent profits from the Trust assets. Finally, granting the injunction will not adversely affect the public interest, as the public has a strong interest in ensuring that trustees properly manage trust assets.[5]

---

[3] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[4] *See* Docket No. 2 Ex 2.

[5] *See Wheeler By & Through Wheeler v. Mann*, 763 P.2d 758, 759–60 (Utah 1988) ("A trustee has a duty of loyalty to the beneficiaries of a trust. A trustee's duty of loyalty requires the trustee to administer the trust solely in the interest of the beneficiary. As such, a trustee is not permitted to engage in self-dealing, or to place himself in a position where it would be for his own benefit to violate his duty to the beneficiaries. The prohibition against self-dealing does not depend upon proof of bad faith, but is absolute so as to avoid the possibility of fraud and the temptation of self-interest." (internal quotation marks and citations omitted)).

Based on its review of the factors discussed above, the Court finds that Plaintiffs have met their burden to demonstrate that injunctive relief is warranted in this case.

IV. CONCLUSION

It is therefore

ORDERED that the reserved argument of Plaintiffs' Motion for Preliminary Inunction (Docket No. 4) is GRANTED. At the request of Plaintiffs, the Court has appointed by separate order Scott N. Rasmussen to serve as successor trustee of the Nunez Family Trust.[6]

DATED October 2, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] *See* Docket No. 17.