IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JENNIFER ELLEN NUNEZ, and CHRISTY MARIE RICE, fka CHRISTY MARIE NUNEZ, individually, as heirs of the ESTATE OF ANTHONY NUNEZ, and as beneficiaries of THE NUNEZ FAMILY REVOCABLE INTER VIVOS TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL KEVIN NUNEZ, JR., individually and as TRUSTEE OF THE NUNEZ FAMILY REVOCABLE INTER VIVOS TRUST; RAYNIE NUNEZ and Does 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND JUDGMENT<br><br><br>Case No. 1:13-CV-126 TS |

This matter is before the Court on Plaintiffs Jennifer Ellen Nunez and Christy Marie Rice's Motion to Amend Order Granting Default Judgment to Include Appointment of Scott N. Rasmussen as Permanent Successor Trustee of the Nunez Family Revocable Inter Vivos Trust.[1] For the reasons discussed below, the Court will grant Plaintiffs' Motion.

On April 21, 2014, this Court entered its Memorandum Decision and Order Granting Default Judgment.[2] In that Order, the Court granted Plaintiffs judgment against the Defendants in the amount of $621,439.02, plus prejudgment and post-judgment interest at the statutory rate.

---

[1] Docket No. 38.

[2] Docket No. 37.

1

Judgment was entered on April 22, 2014.[3] Pursuant to an earlier order in this case, the Court

appointed Scott Rasmussen to serve as the successor trustee of the Nunez Family Trust.

Plaintiffs now seek to make Mr. Rasmussen's appointment as trustee permanent by including his

appointment in the judgment in this case.

Federal Rule of Civil Procedure 60(b) provides that the Court, on motion or on its own,

"may correct a clerical mistake or a mistake arising from oversight or omission whenever one is

found in a judgment."

> A district court is not limited under Rule 60(a) to the correction of clerical
> mistakes arising from oversight or omission. Rather, a district court may also
> invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly
> reflect its contemporaneous intent and ensure that the court's purpose is fully
> implemented.[4]

Here, it was that Court's intent that Mr. Rasmussen continue to serve as the successor

trustee for the Nunez Family Trust. However, the Court's prior orders and the Judgment are

ambiguous on this point. The Court will therefore grant Plaintiffs' Motion and amend the

Judgment to reflect that Mr. Rasmussen's appointment as the successor trustee for the Nunez

Family Trust is made permanent. As was made clear in the Court's prior orders, Mr. Rasmussen

shall be empowered to take whatever reasonable steps are necessary to identify, recover, and

protect the Nunez Family Trust assets.

---

[3] *See* Docket No. 40.

[4] *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992), *cert. denied*, 507 U.S. 1043 (1993) (citing *McNickle v. Bankers Life and Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989); *Pan. Processes, S.A. v. Cities Serv. Co.*, 789 F.2d 991, 993 (2d Cir. 1986)).

Based on the foregoing, it is hereby

ORDERED that Plaintiffs' Motion to Amend Order Granting Default Judgment to Include Appointment of Scott N. Rasmussen as Permanent Successor Trustee of the Nunez Family Revocable Inter Vivos Trust (Docket No. 38) is GRANTED.  The Clerk of Court is directed to amend the Judgment in this case to reflect that Mr. Rasmussen's appointment as the successor trustee for the Nunez Family Trust is made permanent.

DATED  April 25, 2014.

BY THE COURT:

_____

TED STEWART
United States District Judge